UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

JACOB A.S.,
Plaintiff,
v.
FRANK BISGINANO,
Commissioner of Social Security,
Defendant.

Case No.: 26-cv-5036-DDL

**ORDER GRANTING APPLICATION TO PROCEED IN FORMA PAUPERIS**

**[Dkt. No. 3]**

On September 4, 2026, Jacob A.S. ("Plaintiff") filed a complaint seeking judicial review of a final adverse decision of the Commissioner pursuant to 42 U.S.C. § 405(g). Dkt. No. 1. Plaintiff concurrently filed an application to proceed in this matter *in forma pauperis* (the "IFP Application"), which is presently before the Court. Dkt. No. 3.

This Court may "authorize the commencement . . . of any suit, action or proceeding, civil or criminal, without prepayment of fees or security therefor" by any person who demonstrates his or her inability to pay such fees. *See* 28 U.S.C. § 1915(a)(1). A party need not be completely destitute to proceed *in forma pauperis*. *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 339-40 (1948). Instead, "[a]n affidavit in support of an IFP application is sufficient where it alleges

that the affiant cannot pay the court costs and still afford the necessities of life." *Escobedo v. Applebees*, 787 F.3d 1226, 1234 (9th Cir. 2015) (citing *Adkins*, 335 U.S. at 339). "[A] plaintiff seeking IFP status must allege poverty 'with some particularity, definiteness and certainty.'" *Id.* (citing *United States v. McQuade*, 647 F.2d 938, 940 (9th Cir.1981)).

Here, Plaintiff declares he and his spouse are unemployed and that his only sources of income are Veterans Affairs benefits ($4,900 per month) and a school allowance ($3,100 per month). Dkt. No. 3 at 1-2. These sources of income are enough to cover his monthly expenses with around $720 left over unless it is a month when he is required to rent a hotel room for school, in which case his expenses exceed his monthly income by anywhere from $1,155 - $1,655[1]. *See id.* at 4-5. He lists as assets his home ($678,000), a 2014 Nissan Altima ($5,000), an inoperable 2004 Ford ($1,500), and a 2021 Chevrolet Traverse ($24,000). *Id.* at 3. He and his spouse together have $100 in a checking account. *Id.* at 2. Plaintiff and his spouse support their four children. *Id.* at 3. Based upon the record before it, the Court finds that Plaintiff has adequately demonstrated that he lacks the financial resources to pay the filing fee and **GRANTS** Plaintiff's IFP Application.

Where the Court grants a litigant permission to proceed *in forma pauperis*, it must also screen the complaint pursuant to 28 U.S.C. § 1915(e)(2)(B) of the United States Code. The statute requires dismissal where a complaint fails to state a claim upon which relief can be granted, is frivolous or malicious, or seeks monetary relief from a defendant who is immune. *See id*. Rule 2(b) of the Supplemental Rules for Social Security Actions sets forth additional pleading requirements for a Social Security plaintiff's complaint. *See* Fed. R. Civ. P. SUPP SS Rule 2(b)(1)(A)-

[1] Plaintiff explains that while he lives in El Cajon, California, he attends school in Riverside, California and at times, must rent a hotel room to stay close to school. Dkt. No. 3 at 5.

(E). The Court has reviewed Plaintiff's complaint and finds it satisfies these pleading requirements, states a plausible claim for relief, and is neither frivolous nor malicious. Accordingly, the Complaint survives screening, and the action may proceed.

**IT IS SO ORDERED**.

Dated: September 17, 2026

Hon. David D. Leshner
United States Magistrate Judge